UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND MCDOWELL, et al.,

    Plaintiffs,

v.

LIVONIA HOTEL BUSINESS,
INC., et al.,

    Defendants.
_____/

Case No. 19-10217
Honorable Victoria A. Roberts

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' WITNESS JAMES GRASSI [ECF No. 75]

**I.**    **Introduction**

Defendants move to strike James Grassi, LCSW. They claim he "offered testimony relative to causation, treatment, diagnosis, and future alleged limitations [, relative to Dorsey's alleged PTSD,] despite having never been identified as an expert witness or having provided full Rule 26 disclosures regarding expected testimony as a lay witness." [ECF No. 75, PageID.1903]. Defendants seek exclusion of Grassi's testimony.

Plaintiffs failed to make the proper expert witness disclosures under FRCP 26 (a)(2). Accordingly, the Court **GRANTS** Defendants' motion **IN PART** as to the expert testimony of Grassi—including topics of causation,

diagnosis, and future alleged limitations—and **DENIES** the motion **IN PART** as to Grassi's testimony as a lay witness.

## II.     Background

This negligence action arises out of the assault and armed robbery of Plaintiffs at America's Best Value Inn Livonia by Antonio Fowler-Mitchell. Plaintiffs sue America's Best and its agent and front desk clerk, Edward Makmoura ("Defendants").

Plaintiffs filed this case in January 2019. The Joint Rule 26(f) Discovery Plan required Plaintiff to serve its initial disclosures under FRCP 26(a)(1) by April 9, 2019 and its expert reports under FRCP 26(a)(2) no later than December 1, 2019. [ECF No. 15, PageID. 108].

Defendants say that on or about April 14, 2019, Plaintiffs served their FRCP 26 disclosures on Defendants. They claim that these disclosures did not list any expert witnesses and did not list James Grassi, LCSW, as either a person with information, or an expert witness.

In the fall of 2018, Plaintiff Dorsey began treatment with James Grassi, a licensed clinical social worker on the post-traumatic stress disorder (PTSD) team of Philadelphia VA Medical Center. [ECF No. 75-2, PageID. 1963]. Grassi diagnosed Dorsey with PTSD in 2018 or 2019.

The parties deposed Grassi on March 16, 2022. Plaintiffs intend to call Grassi to testify to the diagnosis, treatment, and cause of Dorsey's PTSD, and his future limitations.

## III. Discussion

### a. FRCP 26

FRCP 26 (a)(1)(A)(iii) requires the parties to make initial disclosures, including "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."

A party must file an expert report from a treating physician if that physician was "retained or specially employed to provide expert testimony." FRCP 26(a)(2)(B)

If a witness was not specially employed to provide expert testimony under (a)(2)(B), the proponent of the witness is not required to provide a written expert report. Instead, the disclosure of the expert witness must state: (i) the subject matter on which the witness is expected to present

evidence under FRE 701, 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify. FRCP 26 (a)(2)(C); *Dobbins v. Greyhound Lines, Inc.*, 336 F.R.D. 144, 147 (E.D. Mich. 2020). A summary of opinions under Rule 26(a)(2)(C) means a brief account of the main opinions of the witness, and the opinions must state a view or judgment regarding a matter that affects the outcome of the case. *Dobbins*, 336 F.R.D. at 147 (citation omitted). A mere statement of the topics of the opinions is insufficient. *Id*. This summary can be prepared by counsel; the witness is not required to prepare it.

The 2010 Amendment to FRCP 26 states that a witness who is not required to provide a report under FRCP 26(a)(2)(B) may both testify as a fact witness and provide expert testimony under Evidence Rule 702, 703, or 705.

> Frequent examples include physicians or other health care professionals . . . Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C). The (a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the witness will present.

The FRCP requires that at minimum, witnesses such as treating physicians giving expert testimony about diagnoses, treatment, and causation must be disclosed in accordance with FRCP (a)(2)(C). *See*

4

*Kassim v. United Airlines*, Inc., 320 F.R.D 451, 453 (E.D. Mich. 2017) ("[t]reating physicians who are testifying about their diagnoses and treatment of a plaintiff are almost certainly relying upon their specialized training and knowledge, so the subject matter of their testimony and summary of opinions to which they will testify are required [consistent with] (a)(2)(C)").

FRCP 26 (a)(2)(D) provides that a party must make disclosures of expert witnesses at the times and in the sequence that the court orders. Absent a court order or stipulation, such disclosures must be made at least 90 days before the date set for trial or for the case to be ready for trial. *Id*.

Under FRCP 26(a)(3)(i)—the rule for pretrial disclosures—a party must disclose the names of potential witnesses, promptly file the name, and provide the address and telephone number of each lay witness. These disclosures must be made at least 30 days before trial. FRCP 26 (a)(3)(B).

In response to Defendants' motion, Plaintiffs say they gave notice of Grassi on the following occasions: three times during Dorsey's April 15, 2019 deposition, and Grassi was listed as a witness on the Joint Final Pretrial Order submitted by the parties on June 21, 2021 [ECF No. 47]. Plaintiffs also disclosed Grassi as a PTSD specialist in their October 22,

5

2019 answers to Defendants' interrogatories, which requested the name and address of each physician or other practitioner with whom Plaintiffs treated. [ECF No. 75-2, PageID. 1948].

These pretrial disclosures were made long before trial was scheduled. But they do not comply with the requirements for disclosure of expert witnesses.

Plaintiffs also state that the Sixth Circuit recognizes that a treating physician "'may provide expert testimony regarding a patient's illness, the appropriate diagnosis for that illness, and the cause of the illness.'" [ECF No. 79, PageID. 2049] [Citing *Gass v. Marriott Hotel Services, Inc.,* 558 F.3d 419, 426 (6th Cir. 2009)]. But *Gass* was decided prior to the 2010 Amendments to FRCP 26. In 2010, (a)(2)(C) added the requirement that witnesses such as treating physicians provide a written summary of expert opinions in lieu of an expert report.

Whether Grassi is considered a retained expert or just a treating physician witness who will give expert testimony, Plaintiffs' FRCP 26 (a)(2) disclosures are insufficient. Plaintiffs' disclosure of Grassi in a deposition, on a witness list, and in an answer to interrogatories is insufficient; none of

these disclosures provides a summary of the opinions to which Grassi was expected to testify.

The Court will now consider the appropriate sanction for Plaintiffs' failure to abide by the requirements of FRCP 26.

### b. FRCP 37(c)(1)

"If a party fails to provide information or identify a witness as required by Rule 26(a), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FRCP 37(c)(1).

The Sixth Circuit identified five factors to consider when assessing whether a party's omitted or late disclosure is "substantially justified" or "harmless": "'(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence.'" *Howe v. City of Akron*, 801 F.3d 718, 747-48 (6th Cir. 2015).

Plaintiffs did not address whether their failure to properly disclose Grassi's opinions was harmless or justified. In this personal injury case,

7

Defendants could not be surprised to find a treating physician on the witness list, but given the insufficient disclosure of Grassi as an expert, Defendants may have been surprised to learn of his opinions on Dorsey's diagnosis, treatment, causation, and future limitations during a deposition days before trial.

To cure and avoid prejudice to Defendants, the Court would have to allow time for Defendants to re-open discovery and find an expert to rebut Grassi's opinions. Trial is imminent. Allowing more discovery would delay trial in this case that has been pending since the beginning of 2019. Importantly, both the expert discovery and dispositive motion deadlines have long passed.

Finally, Plaintiffs' complete failure to offer a justification for their deficient disclosure weighs in favor of excluding Grassi's expert testimony.

### IV.   Conclusion

Plaintiffs have not met their burden to show that failure to comply with Rule 26(a)(2) was substantially justified or harmless. Pursuant to FRCP 37, Grassi's expert testimony must be excluded.

The Court **GRANTS** Defendant's motion to strike Grassi **IN PART** and **DENIES** it **IN PART**. He may not testify as an expert witness. He will

be allowed to testify as a lay witness. Grassi's testimony "will be limited to the course of treatment and to what [he] directly observed while Plaintiff was under [his] care..." *Dobbins v. Greyhound Lines, Inc.*, 336 F.R.D. 144, 148 (E.D. Mich. 2020) (internal quotations omitted).

**IT IS ORDERED**.

s/ Victoria A. Roberts<br>Victoria A. Roberts<br>United States District Judge

Dated:  March 23, 2022